[Crim. No. 2889. Fourth Dist., Div. One. Mar. 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES DECK HAMILTON, JR., Defendant and Appellant.

Douglas F. Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark A. Ivener, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—James Deck Hamilton's appeal from an order revoking probation will be treated as an appeal from the judgment of conviction to state prison entered following revocation of probation.

In the fall of 1965, the superior court convicted Hamilton of selling marijuana; suspended sentencing; and granted him five years probation on condition, in part, he be confined in the sheriff's custody for one year, with credit for time already served. He was released in April 1966.

The superior court revoked probation and entered its judgment of conviction to state prison on May 9, 1967. Arguing the evidence is insufficient, Hamilton contends the court abused its discretion in revoking probation.

 The trial court based its decision on the following facts presented by the probation officer's report. On December 5, 1966, to his probation officer, Hamilton admitted having used marijuana occasionally since his release from custody in April 1966, but not since September or early October 1966. On December 20, 1966, Hamilton possessed marijuana about the size of a "roach." His trial for this possession resulted in a hung jury. His hindsighted attitude about the sale of marijuana which resulted in his September 1965 conviction was: he had done nothing wrong; the law was unjust "since an informer broke the law to catch him." In brief, the report stated Hamilton violated probation by using marijuana; he had a marijuana possession charge pending; he had failed to report to his probation officer during October and November 1966; he had lied to his probation officer when in his monthly reports up to September 1966 he denied using narcotics or drugs. Positively, the report related Hamilton's full employment and support of his family. Although the report

concluded his probation violations justified revocation of probation, it recommended continuing probation on condition he spend 15 weekends in the sheriff's custody and submit to narcotic and drug detection tests. The court took the position the violations were material, and, at a hearing May 9, 1967, with Hamilton and his attorney present, revoked probation and sentenced Hamilton to state prison. The following day, on motion of the district attorney, the court dismissed the charge based on the December 20, 1966 possession of marijuana.

The trial court did not abuse its discretion. The probation officer's report amply supports the revocation. *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], argued by Hamilton, is not applicable. The purpose and objectives of probation would be frustrated if a convicted defendant could maintain, for example, a right of silence at the time of his monthly report to the probation officer, a condition of probation. Hamilton points to no prejudice resulting from any December 1966 to May 1967 delay in the disposition of the case, and there was none.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.