[No. C001278. Third Dist. Feb. 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL HARRISON MILLER, Defendant and Appellant.

## COUNSEL

Jon D. Smock and Wilbur H. Haines III for Defendant and Appellant.

John K. Van de Kamp, Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PUGLIA, P. J.**—Defendant pled guilty to committing a lewd and lascivious act upon a child under the age of 14. (Pen. Code, § 288, subd. (a).) The victim, defendant's niece, was seven years old at the time of the offense. Defendant was placed on probation for five years on condition that he serve one year in county jail, have no contact with the victim or any other minor female unless in the presence of her parent or with the express approval of his probation officer, and that he submit to a polygraph examination at the direction of his probation officer. On appeal defendant challenges the condition requiring submission to polygraph testing. We shall affirm.

At sentencing, defendant objected unsuccessfully to the polygraph condition. The probation officer asserted the polygraph was necessary to monitor defendant's compliance with the other conditions of probation, especially

the condition forbidding unsupervised contact with young girls. The results were not to be used as evidence of a probation violation but to determine whether changes would be necessary in the administration of defendant's case plan. The court included the condition solely to assist the probation officer in enforcing compliance with the other conditions.

■ Defendant argues the requirement of submission to polygraph testing is unreasonable. ■ Pursuant to Penal Code section 1203.1, the sentencing court has broad discretion to prescribe reasonable probation conditions to foster rehabilitation and to protect the public so justice may be done. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97]; *In re White* (1979) 97 Cal.App.3d 141, 145 [158 Cal.Rptr. 562].) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Lent, supra,* at p. 486.) ■ The validity of a condition may be challenged on appeal despite defendant's right to refuse probation. (*In re White, supra,* at p. 146.)

■ Applying these rules to the instant case, we conclude the polygraph condition is valid. Defendant pled guilty to a sex crime committed upon a seven-year-old female. One condition of probation is that he not be alone with young females. As indicated at sentencing, compliance with that condition is difficult to enforce. The polygraph condition helps to monitor compliance and is therefore reasonably related to the defendant's criminal offense. Because this condition is aimed at deterring and discovering criminal conduct most likely to occur during unsupervised contact with young females, the condition is reasonably related to future criminality. (*People* v. *Mason* (1971) 5 Cal.3d 759, 764 [97 Cal.Rptr. 302, 488 P.2d 630]; *Lent, supra,* 15 Cal.3d at p. 486.)

■ Defendant argues the condition is insufficient to monitor his compliance with the other conditions of probation because polygraph examinations are unreliable. Polygraph tests are deemed unreliable for evidentiary purposes. (Evid. Code, § 351.1; *People* v. *Jones* (1959) 52 Cal.2d 636, 653 [343 P.2d 577]; *People* v. *Thornton* (1974) 11 Cal.3d 738, 763-764 [114 Cal.Rptr. 467, 523 P.2d 267]; see *Arden* v. *State Bar* (1987) 43 Cal.3d 713, 723-724 [239 Cal.Rptr. 68, 739 P.2d 1236]; *People* v. *Reeder* (1976) 65 Cal.App.3d 235, 242 [135 Cal.Rptr. 421].) However, this is an evidentiary

rule and does not preclude the use of such tests for investigative purposes. (*People* v. *Lara* (1974) 12 Cal.3d 903, 909 [117 Cal.Rptr. 549, 528 P.2d 365].) In fact, polygraphs are commonly used and have value as an investigative tool. (*Id.,* at p. 909; *Frazee* v. *Civil Service Board* (1959) 170 Cal.App.2d 333, 335 [338 P.2d 943]; 3A Wigmore on Evidence (Chadbourn Rev.) § 999, p. 946. See also *People* v. *Keith* (1981) 118 Cal.App.3d 973, 984 [173 Cal.Rptr. 704]; *People* v. *Adams* (1975) 53 Cal.App.3d 109, 114 [125 Cal.Rptr. 518]; *People* v. *Aragon* (1957) 154 Cal.App.2d 646, 658 [316 P.2d 370].) ■ ■■■ ■ Here, the polygraph condition was imposed not to gather possible evidence but solely to serve as a catalyst for further investigation.[1]

■ Defendant complains the polygraph condition is overbroad because there are no restrictions on the questions the examiner may ask. This is patently incorrect. The polygraph condition was expressly requested by the probation officer and imposed by the court to monitor defendant's compliance with the condition prohibiting unsupervised contact with young females. Thus any polygraph examination administered to defendant necessarily will be limited to questions relevant to compliance with that condition.

Defendant asserts the polygraph requirement violates his privilege against self-incrimination. Defendant misconstrues the nature of the privilege. The privilege against self-incrimination is not self-executing; it must be claimed. (*Minnesota* v. *Murphy* (1984) 465 U.S. 420, 427 [79 L.Ed.2d 409, 419, 104 S.Ct. 1136].) Although defendant has a duty to answer the polygraph examiner's questions truthfully, unless he invokes the privilege, shows a realistic threat of self-incrimination and nevertheless is required to answer, no violation of his right against self-incrimination is suffered. (*Ibid.*) The mere requirement of taking the test in itself is insufficient to constitute an infringement of the privilege.

Ancillary to his constitutional argument, defendant claims the polygraph condition poses the problem of whether he is entitled to *Miranda* warnings (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) prior to the test, and if so, whether invoking his right to remain silent would be a proper exercise of that privilege or would cause a

---

[1] We are aware of the prohibition against subjecting private and public employees involuntarily to polygraph examinations, even for investigative purposes, as a condition of employment. (Lab. Code, § 432.2; Gov. Code, § 3307; *Long Beach City Employees Assn.* v. *City of Long Beach* (1986) 41 Cal.3d 937, 948, 956 [227 Cal.Rptr. 90, 719 P.2d 660].) However, convicted criminals conditionally released to society, such as probationers, are not similarly situated and may be subjected to polygraph testing to help ensure obedience to valid probation conditions. (See *Mason, supra,* 5 Cal.3d at pp. 764-765.)

revocation of probation for failure to comply with the condition. *Miranda* is not applicable. The polygraph condition is designed to help evaluate the truthfulness of defendant's reports and "[t]he purpose and objectives of probation would be frustrated if a convicted defendant could maintain . . . a right of silence at the time of his . . . report to the probation officer . . . ." (*People* v. *Hamilton* (1968) 260 Cal.App.2d 103, 105 [66 Cal.Rptr. 831].)[2]

When subject to a polygraph examination as an investigative tool alone, a probationer is not placed in any worse position than he would otherwise be were there no polygraph condition. In either case, the probation officer may fully investigate the probationer's compliance with conditions whether or not the polygraph is used.

The trial court did not abuse its discretion by including the polygraph requirement as a condition of probation for the limited use as an investigative tool.

The judgment is affirmed.

Carr, J., and Smith, J.,* concurred.

A petition for a rehearing was denied March 23, 1989, and appellant's petition for review by the Supreme Court was denied June 8, 1989.

---

[2]Defendant makes passing reference to the condition violating his right to privacy. While probationers are entitled to enjoy a significant degree of privacy (*People* v. *Keller* (1978) 76 Cal.App.3d 827, 832 [143 Cal.Rptr. 184]), that expectation is reduced because of their conditional release to society. (*Mason, supra,* 5 Cal.3d at pp. 764-765.) The polygraph examinations here will be limited in their inquiry to the issue of defendant's compliance with another valid condition. This inquiry will no more intrude upon defendant's reduced privacy expectations than his periodic reports to his probation officer.

* Assigned by the Chairperson of the Judicial Council.