Filed 2/29/16  P. v. Buchanan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063598 |
| v. | (Super.Ct.No. FVI1501043) |
| CODY BUCHANAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Christine Bergman and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Cody Buchanan pled no contest to evading a peace officer with willful disregard for the safety of persons or

1

property.  (Veh. Code, § 2800.2, subd. (a).)  In return, defendant was granted three years of formal probation on various terms and conditions.  On appeal, defendant contends the probation condition requiring him to submit to and cooperate in field investigations is unconstitutionally vague.  We reject this contention and affirm the judgment.

PROCEDURAL BACKGROUND

On April 29, 2015, defendant was charged by amended felony complaint with evading an officer with willful disregard for the safety of persons or property.  (Veh. Code, § 2800.2, subd. (a).)

On May 7, 2015, defendant entered a plea agreement and pled no contest to the charge.  The parties stipulated that the police report contained a factual basis for the plea. In accordance with the plea agreement, the court placed defendant on probation for a period of 36 months, on specified terms and conditions.  Over defense counsel's objection, the court included a condition that defendant "submit to and cooperate in a field interrogation by any peace officer at any time of the day or night" (the field interrogation condition).

On May 12, 2015, defendant filed a notice of appeal and requested a certificate of probable cause on the basis that "the judge added an unconstitutional field interrogation term, over objection."  The court granted the request for a certificate of probable cause.

ANALYSIS

The Field Interrogation Condition is Valid

Defendant asserts that the court imposed a condition requiring him to "submit to and cooperate in a field investigation by any peace officer at any time of the day or night." He argues that the court erred in imposing this condition because it is unconstitutionally vague. We conclude that the court properly imposed the probation condition.

At the outset, we note that this appeal is based on the court's imposition of the condition that defendant "[s]ubmit to and cooperate in a field *investigation* by any peace officer at any time of the day or night." (Italics added.) However, we understand this condition to read "field interrogation," rather than "field investigation." The reporter's transcript does reflect that the court stated it was imposing the condition that defendant "submit to and cooperate in a field investigation by any peace officer . . . ." However, defense counsel immediately responded by stating, "I am going to object to the field *interrogation* term." (Italics added.) The court replied, "Thank you." Thus, it appears that either the court meant to say "field interrogation," or the reporter's transcript reflects a simple error in transcription, since defense counsel evidently heard the court say "field interrogation." We further note that the trial court took the pleas of several defendants at the same time. After placing defendant on probation, the court immediately went on to the next defendant and similarly placed him on probation, stating that it was adding the term that he "[s]ubmit to and cooperate in a field interrogation." Notably, the reporter's transcript reflects that this time the court did use the word "interrogation." Our

3

understanding of the condition that was imposed is reasonable in the context of defendant's notice of appeal and request for certificate of probable cause, which he filed on the basis that the "the judge added an unconstitutional field *interrogation* term, over objection at sentencing." (Italics added.) Thus, we will address the probation condition as such.

Pursuant to Penal Code section 1203.1, "the sentencing court has broad discretion to prescribe reasonable probation conditions to foster rehabilitation and to protect the public so justice may be done." (*People v. Miller* (1989) 208 Cal.App.3d 1311, 1314.) While a probationer retains rights of privacy and liberty under the federal Constitution (*People v. Keller* (1978) 76 Cal.App.3d 827, 832, overruled on other grounds in *People v. Welch* (1993) 5 Cal.4th 228, 237), probation conditions may nevertheless place limits on constitutional rights if necessary to meet the goals of probation (*People v. Bauer* (1989) 211 Cal.App.3d 937, 940-941). Furthermore, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .'" (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

Like the standard probation search condition, a field interrogation probation condition is a correctional tool that can be used to determine whether the defendant is complying with the terms of his probation or disobeying the law. (See *People v. Reyes* (1998) 19 Cal.4th 743, 752 (*Reyes*) [the purpose of an unexpected search is to determine not only whether parolee disobeys the law, but also whether he obeys the law; the

4

condition helps measure the effectiveness of parole supervision]; *In re Anthony S.* (1992) 4 Cal.App.4th 1000, 1006 [probation is an alternative form of punishment, and with the benefit of probation comes the burden of a search term, which can be used as a correctional tool].)  The threat of an unexpected interrogation is fully consistent with the deterrent purposes of the field interrogation condition.  (*Reyes*, *supra*, 19 Cal.4th at p. 752.)

Here, defendant's field interrogation probation condition will provide practical, on-the-street supervision of him.  A field interrogation will be useful to monitor defendant's compliance with his other probation conditions.  Also, information obtained from field interrogations will provide a valuable measure of his amenability to rehabilitation, which is related to his future criminality.  In other words, the condition provides officers with a means of assessing defendant's progress toward rehabilitation, it assists them in enforcing other terms of his probation, and it deters further criminal activity.  Thus, the field interrogation probation condition serves the purposes of probation and is valid under the *Lent* criteria.  (*Lent*, *supra*, 15 Cal.3d at p. 486.)

Furthermore, the condition is not vague.  A probation term should be given "the meaning that would appear to a reasonable, objective reader."  (*People v. Bravo* (1987) 43 Cal.3d 600, 606.)  Nothing in the context in which the language of the probation condition appears suggests that any meaning, other than the ordinary, usual one, applies. The language used is plain and simple.  That is, a "field" interrogation is contrasted with a "custodial" interrogation at the station house.  "Interrogation" is commonly and ordinarily understood to mean questioning or inquiry.  The requirement that a probationer

"submit" to a field interrogation means that the probationer has no right to avoid or run away from the encounter. "Cooperation" in "interrogation," or questioning, logically means that the probationer must answer the officer's questions.

We conclude that the probation condition is valid.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

6