Filed 8/1/16  P. v. Jordan CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063488 |
| v. | (Super.Ct.No. FWV1404550) |
| YADIRA MENDIOLA JORDAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed as modified.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

1

Appellant and defendant Yadira Mendiola Jordan pled no contest to distributing pornography to a minor. (Pen. Code, § 288.2, subd. (a)(2), count 1.)[1] In accordance with the plea agreement, the trial court placed her on probation for a period of three years, under specified probation conditions.

On appeal, defendant contends that: (1) several of her probation conditions are unconstitutionally vague and must be modified to include an express knowledge requirement; (2) the probation condition prohibiting her from possessing "sexually explicit" movies or videos or "frequenting" places where such materials are sold is unconstitutionally vague; and (3) several of her probation conditions are unconstitutionally broad. The People concede, and we agree, that one of the conditions should be stricken and that one of them should be modified. We also agree with defendant that certain probation conditions should include a knowledge requirement. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND[2]

Defendant sent several text messages containing nude photographs of herself to a 14-year-old male (the victim). Defendant was a 34-year-old mother with six children, aged 4, 8, 11, 13, 15, and 17. The victim was friends with defendant's son. Defendant claimed that she sent the first photograph by accident, when she was trying to send it to

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] The factual background is taken from the police report, since defendant pled no contest pursuant to a plea agreement. The parties stipulated to the facts in the police report as a factual basis for the plea.

her boyfriend. However, the victim asked for more photographs, and she sent him several other photographs of herself, both clothed and unclothed. She admitted to flirting with the victim over the phone and through text messages. Defendant said she only saw the victim twice and that on one of those occasions, the victim tried to kiss her in her bedroom.

ANALYSIS

I. <u>Condition Nos. 6, 10, 12, 14, and 26 Should Be Modified to Include a Knowledge Requirement</u>

Defendant contends that six of her probation conditions, as currently worded, are unconstitutionally vague. She complains that condition Nos. 6, 10, 12, 14, and 26 have no knowledge requirement and, thus, must be modified. She also argues that condition No. 26 contains unconstitutionally vague terms. We conclude that a knowledge requirement should be added to these conditions. We also agree that condition No. 26 should be further modified.

A. *Standard of Review*

In general, the courts are given broad discretion in fashioning terms of probation or supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Urke* (2011) 197 Cal.App.4th 766, 774.) Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion. "As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances." (*People*

3

*v. Jungers* (2005) 127 Cal.App.4th 698, 702.) However, constitutional challenges are reviewed under a different standard. Whether a term of probation or supervised release is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) The failure to object below that a condition of supervised release is unconstitutionally overbroad does not forfeit review of the issue on appeal, as it is a pure issue of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)

B. *Probation Conditions at Issue*

Among others, the court imposed the following conditions:

No. 6: "Not leave the State of California without first obtaining written permission of the probation officer."

No. 10: "Neither possess nor have under your control any dangerous or deadly weapons or explosive devices or materials to make explosive devices."

No. 12: "Neither use nor possess any controlled substance without medical prescription. A physician's written notice is to be given to the probation officer."

No. 14: "Not possess any type of drug paraphernalia, as defined in [Health & Safety Code section] 11364.5[, subdivision] (d)."

No. 26: "Do not own, use, or possess any form of sexually explicit movies, videos, material, or devices unless recommended by a therapist and approved by the probation officer. Do not frequent any establishment where such items are the primary items viewed, sold at such establishment, and do not utilize any sexually oriented telephone services."

4

C. *The Challenged Probation Conditions Should Be Modified*

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*) "[O]nly reasonable specificity is required. [Citation.] Thus, a statute 'will not be held void for vagueness "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources."'" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)

Defendant contends that condition Nos. 6, 10, 12, 14, and 26 are unconstitutionally vague because they do not contain an express knowledge requirement.[3] She specifically claims that she could unwittingly violate her probation since: (1) one of the items prohibited by these conditions could be brought into her home without her knowledge; (2) she could possess common household items without knowing they could be used to make explosive devices; or (3) she could be a passenger in a vehicle that drives on a road outside the State of California.

---

[3] Defendant includes condition No. 37 in this argument, as well. However, because she also argues that part of condition No. 37 should be stricken on other grounds, we will address condition No. 37 separately. (See *post*, § III.)

5

The People suggest we adopt the Third Appellate District's approach in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). In that case, the Third District considered a probation condition forbidding the defendant from drinking or possessing alcohol, or being in a place where alcohol is the chief item of sale, invalid because the condition lacked an express knowledge requirement. (*Id*. at p. 959.) The *Patel* court expressed its frustration with the "dismaying regularity" with which it had to revisit the issue of a lack of an express scienter requirement in orders of probation. (*Id*. at p. 960.) The court noted that since there existed a substantial uncontradicted body of case law establishing that a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," it would no longer entertain the issue on appeal. (*Ibid*.) The court stated that going forward, it would construe every such probation condition proscribing restrictions on presence, possession, association, or other actions, to require that the action be undertaken knowingly. (*Id*. at pp. 960-961.) Thus, it would no longer be necessary to seek a modification of a probation order that failed to include a scienter requirement. (*Ibid*.)

We note that a number of the Courts of Appeal have declined to follow the rationale of *Patel*, including the Fourth Appellate District in *People v. Moses* (2011) 199 Cal.App.4th 374, 381 (*Moses*), where the court chose to modify the probation conditions to include a knowledge requirement. We too decline to follow the Third Appellate District's approach in *Patel*. As noted in *People v. Pirali* (2013) 217 Cal.App.4th 1341, "[o]ur Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and concluded that 'modification to impose an explicit knowledge

6

requirement is necessary to render the condition constitutional.' [Citation.] Until our Supreme Court rules differently, we will follow its lead on this point." (*Id*. at p. 1351; see *Sheena K.*, *supra*, 40 Cal.4th at p. 892.)

Therefore, probation condition No. 6 should be modified to read: "Not knowingly leave the State of California without first obtaining written permission of the probation officer."

Probation condition No. 10 should be modified to read: "Neither knowingly possess nor have under your control any dangerous or deadly weapons or explosive devices or materials to make explosive devices."

Probation condition No. 12 should be modified to read: "Neither knowingly use nor possess any controlled substance without medical prescription. A physician's written notice is to be given to the probation officer."

Probation condition No. 14 should be modified to read: "Not knowingly possess any type of drug paraphernalia, as defined in Health and Safety Code section 11364.5, subdivision (d)."

D. *Condition No. 26 Should Be Further Modified*

Condition No. 26 provides: "Do not own, use, or possess any form of sexually explicit movies, videos, material, or devices unless recommended by a therapist and approved by the probation officer. Do not frequent any establishment where such items are the primary items viewed [or] sold at such establishment, and do not utilize any sexually oriented telephone services."

Defendant argues that the term "sexually explicit" is so uncertain that it does not provide her with notice of what she is to avoid. Since we have already determined that the condition must be modified to include a knowledge requirement, we will also modify the condition to provide more specificity with regard to the term "sexually explicit." Under federal law, the term "sexually explicit conduct" refers to: (1) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) lascivious exhibition of the genitals, breast or pubic area. (18 U.S.C. § 2256.) By referring to this definition in defendant's probation condition, she will know more precisely which movies and materials she must stay away from. Therefore, we will modify this condition to reference this federal provision. We note defendant's complaint that she could be barred from entering stores such as Target and Walmart, since they sell DVD's of popular movies and television shows that have explicit sexual content. However, we agree with the People that such limitations were part of the bargain she struck in accepting probation over incarceration. (See *People v. Olguin* (2008) 45 Cal.4th 375, 384 ["probation is a privilege and not a right"].)

Defendant also contends that the word "frequent" renders condition No. 26 unconstitutionally vague. We agree. (See *People v. Leon* (2010) 181 Cal.App.4th 943, 952 ["the word 'frequent' renders the condition unconstitutionally vague, because it is both obscure and has multiple meanings"].) Thus, the word " 'visit or remain in' " should be used instead of "frequent." (*Ibid*.)

Therefore, probation condition No. 26 should be modified to read: "Do not knowingly own, use, or possess movies, videos, material, or devices that depict sexually explicit conduct, unless recommended by a therapist and approved by the probation officer. The term sexually explicit conduct refers to conduct as defined in title 18 United States Code section 2256. Do not visit or remain in any establishment where you know or reasonably should know that such items are the primary items viewed, sold at such establishment, and do not utilize any sexually oriented telephone services."

## II. The Polygraph Condition (No. 25) Should Be Modified

Condition No. 25 states: "You shall submit to random polygraph testing by a probation department approved polygraph examiner at the direction of the probation officer." Defendant concedes that polygraph testing may be an appropriate condition of probation, where it is used to ensure compliance with other conditions of probation (see *People v. Miller* (1989) 208 Cal.App.3d 1311, 1314), but argues that polygraph testing without limits or restrictions on the kinds of questions which may be asked is overbroad (see *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321 (*Brown*)).

The People agree that the scope of the polygraph questions should be limited to questions relating to defendant's successful completion of the sex offender treatment program or as to defendant's conviction.

Condition No. 25 should thus be modified to state: "You shall submit to random polygraph testing by a probation department approved polygraph examiner at the direction of the probation officer. The questions shall be limited to those relating to the

9

successful completion of the sex offender treatment program and to the crime of which you were convicted." (See *Brown*, *supra*, 101 Cal.App.4th at p. 323.)

### III.  Probation Condition No. 37 Should Be Modified

Condition No. 37 states:  "Not use or possess children's clothes or any illustrated materials depicting unclothed children."  Defendant contends that the portion of the condition prohibiting her from possessing children's clothing is unconstitutionally overbroad and should be stricken, since it impairs her ability to care for her own children. She also argues that the condition should contain a knowledge requirement.  The People concede, and we agree, that the portion restricting her from possessing children's clothing should be stricken.

Defendant specifically argues that condition No. 37 should be modified to contain a knowledge requirement, since she could unwittingly possess a magazine containing depictions of unclothed children without being aware that the models are under 18 years of age.  For the reasons explained *ante*, we agree that the condition should be modified. (See *ante*, § I.)  Furthermore, because defendant is the mother of small children, the restriction against possessing children's clothing is not reasonable and should be stricken.

Therefore, probation condition No. 37 should be modified to prohibit defendant from knowingly possessing illustrations depicting unclothed children.

### DISPOSITION

The probation conditions should be modified as follows:

Probation condition No. 6 should read:  "Not knowingly leave the State of California without first obtaining written permission of the probation officer."

10

Probation condition No. 10 should read: "Neither knowingly possess nor have under your control any dangerous or deadly weapons or explosive devices or materials to make explosive devices."

Probation condition No. 12 should read: "Neither knowingly use nor possess any controlled substance without medical prescription. A physician's written notice is to be given to the probation officer."

Probation condition No. 14 should read: "Not knowingly possess any type of drug paraphernalia, as defined in Health and Safety Code section 11364.5, subdivision (d)."

Condition No. 25 should read: "You shall submit to random polygraph testing by a probation department approved polygraph examiner at the direction of the probation officer. The questions shall be limited to those relating to the successful completion of the sex offender treatment program and to the crime of which you were convicted."

Probation condition No. 26 should read: "Do not knowingly own, use, or possess movies, videos, material, or devices that depict sexually explicit conduct, unless recommended by a therapist and approved by the probation officer. The term sexually explicit conduct refers to conduct as defined in title 18 United States Code section 2256. Do not visit or remain in any establishment where you know or reasonably should know that such items are the primary items viewed, sold at such establishment, and do not utilize any sexually oriented telephone services."

Condition No. 37 should read: "Not knowingly possess any illustrated materials depicting unclothed children."

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

12