Filed 10/27/25  P. v. Small CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERALD EUGENE SMALL,<br><br>Defendant and Appellant. | C101922<br><br>(Super. Ct. No. 22CR-000578) |

Defendant Gerald Eugene Small pled guilty to felony failure to update his annual sex offender registration (Pen. Code, § 290.012, subd. (a))[1] and was sentenced to three years' formal probation.  On appeal, Small challenges the trial court's imposition of probation conditions regarding association with minors, completion of a sex offender treatment program, polygraph examinations, possession of pornography, electronic search, and electronic monitoring.  We conclude the association with minors and

---

[1]      Undesignated statutory references are to the Penal Code.

1

pornography conditions are unconstitutionally vague or overbroad and will remand the case to the trial court to modify them. The judgment is otherwise affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2024, Small was charged with failure to annually update his sex offender registration. (§ 290.012, subd. (a).)

On June 10, 2024, Small pled guilty to the charge. The trial court suspended execution of a three-year state prison sentence, placed Small on three years' formal probation, and ordered him to serve 330 days in county jail.

A few weeks after he was sentenced, the probation department requested modification of Small's probation to add conditions requiring sex offender registration (No. 28);[2] prohibiting Small from associating with any person under 18 years of age (No. 29); requiring Small to complete a sex offender treatment program (No. 30); requiring Small to submit to polygraph examinations (No. 31); prohibiting Small from possessing pornographic material (No. 32); requiring Small to consent to warrantless searches of his electronic devices and provide passwords to his devices (No. 33); and placing Small on electronic monitoring for the duration of probation (No. 34).

The probation department argued these additional conditions should be imposed given Small's criminal history, repeated sex offenses, and sexually violent predator status. The department reported that Small had two previous sex offense convictions in Florida in 1994 and 2005.[3] In 1994, Small was convicted of one count of lewd and lascivious acts with a child and three counts of engaging in sexual activities with a child in a familial relationship. In 2005, Small was convicted of lewd and lascivious acts with a child under 12. At a 2006 sentencing hearing in Florida, Small was found to be

---

[2]     Small does not challenge this condition, which is mandated by section 290.

[3]     Section 290.005 provides for sex offender registration in California of persons convicted of registrable offenses in out-of-state courts.

potentially eligible for involuntary civil commitment under Florida law as a sexually violent predator. The probation department also reported that Small had a Static-99R score of three, which falls into the average risk category with a five-year recidivism estimate of 6.5 percent.

The trial court directed the parties to submit letter briefs addressing the probation department's recommendation. In Small's brief, he acknowledged he was designated as a sexual predator as a result of a plea, admission, and sentence in 2006. However, he was never subjected to involuntary civil commitment under Florida law and never found to meet the criteria of a sexually violent predator. Small argued the conditions the probation department recommended were not reasonably related to his current conviction for failing to update his sex offender registration in California.

The People agreed that Small had not been found to be a sexually violent predator under Florida law. The People contended, however, the additional conditions were reasonably related to Small's history of sexual offenses in Florida, which had required him to register under section 290.

At a hearing on August 23, 2024, defense counsel argued that the additional probation conditions proposed were for those required to register as a sexually violent predator, which the People conceded Small was not. Counsel also pointed out that a defendant convicted of failing to register would not be required to submit to a polygraph examination or complete sex offender treatment, because these requirements were specific to new sex offenders.[4] The People in response argued that all of the additional

---

[4]    Section 1203.067 provides that the terms of probation granted to a person convicted of certain sex offenses and required to register under section 290 include completion of a sex offender management program and "[w]aiver of any privilege against self-incrimination and participation in polygraph examinations, which shall be part of the sex offender management program." (§ 1203.067, subd. (b)(3); see *id.*, subd. (b)(2).)

probation conditions were reasonably related to Small's multiple prior convictions in Florida.

The trial court granted probation's request, explaining that "just because the terms are used in different types of sexual cases routinely doesn't mean they're not appropriate for this case. That's not the issue. The issue is whether or not a probationary term is helping the defendant in his rehabilitation. [¶] And so the question is is it reasonably related to rehabilitation. And the Court finds that all these terms are reasonably related in a failure to register pursuant to sex offense type case, which this is." The trial court ordered Small's probation conditions modified to include the conditions "exactly" as recommended by the probation department.

Small appealed.

DISCUSSION

Small contends the challenged probation conditions Nos. 29, 30, 31, 32, 33, and 34 are invalid under California law and should be reversed because they are unrelated to his failure to register or rehabilitation. Alternatively, Small argues many of the conditions are unconstitutionally overbroad, vague, and violate his right to due process and should be modified. While we disagree that these conditions are invalid under California law, we agree that condition No. 29 prohibiting contact with minors and No. 32 prohibiting Small from possessing pornography are unconstitutionally vague and/or overbroad and will remand the case to the trial court to modify these conditions.

A. *Reasonableness*

"Penal Code section 1203.1 et seq. gives trial courts broad discretion to determine whether to grant an eligible defendant probation, and if so, what terms of probation will promote rehabilitation and protect public safety. [Citation.] A probation condition is valid under the statutory scheme if it relates to the crime for which the defendant was convicted, relates to other criminal conduct, or requires or forbids conduct that is reasonably related to future criminality." (*People v. Hall* (2017) 2 Cal.5th 494, 498,

4

citing *People v. Lent* (1975) 15 Cal.3d 481, 486.)  The *Lent* test is conjunctive—all three factors must be found in order to invalidate a probation condition.  (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, fn. 3.)  We apply the deferential abuse of discretion standard in reviewing probation conditions under the statutory scheme.  (*Id.* at p. 65.)  A trial court abuses its discretion only when the probation conditions imposed are arbitrary, capricious, or exceed the bounds of reason.  (*People v. Welch* (1993) 5 Cal.4th 228, 233-234.)

Condition No. 29 prohibiting Small from associating with people under 18 is designed to protect vulnerable young people from the risk of reoffending by Small and, thus, is reasonably related to both Small's crime and future criminality.  Section 290 "is intended to promote the ' "state interest in controlling crime and preventing recidivism in sex offenders." ' " (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527.)  The Legislature has determined that the risk of reoffending by registered sex offenders is high.  In amending section 290 in 1996, the Legislature declared:  " '[S]ex offenders pose a high risk of engaging in further offenses . . , and protection of the public from these offenders is a paramount public interest.' " (*In re Alva* (2004) 33 Cal.4th 254, 279, fn. 12, quoting Stats. 1996, ch. 908, § 1.)  "Children, in particular, 'are a class of victims who require paramount protection' from sex offenders." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 877.)  Thus, probation condition No. 29 prohibiting Small from associating with minors is reasonably related to Small's crime and future criminality.

Condition No. 30 requiring Small to complete a sex offender treatment program is also reasonably related to both Small's crime and future criminality.  As discussed above, the purpose of section 290 is to protect the public from recidivism by sex offenders. (*Wright v. Superior Court, supra*, 15 Cal.4th at p. 527.)  A probation condition requiring completion of a sex offender treatment program furthers that statutory purpose.  We note that the crimes Small committed in Florida that required him to register as a sex offender

in California, if committed in this state, would have required Small to complete a sex offender management program, including sex offender treatment. (§§ 1203.067, subd. (b)(2), 9000, subd. (b).) The "overriding purpose of management of sex offenders is to enhance community safety by preventing future sexual victimization." (§ 9000, subd. (d).) Thus, probation condition No. 30 requiring Small to complete a sex offender treatment program is reasonably related to the purpose of section 290 and preventing Small's future criminality.

Condition No. 31 requiring Small to submit to polygraph examinations is also reasonably related to Small's future criminality. Polygraph examinations are a standard requirement for a sex offender released on probation in California "to monitor compliance with treatment and supervision requirements, and to focus on a specific allegation or behavior." (*In re Jordan R.* (2012) 205 Cal.App.4th 111, 129, fn. 17; see also § 1203.067, subd. (b)(3).) Here, polygraph testing provides a means of monitoring compliance with the conditions that Small complete sex offender treatment and not associate with minors. (*People v. Miller* (1989) 208 Cal.App.3d 1311, 1314.) In *Miller*, the defendant pled guilty to a sex crime with a seven-year-old girl. (*Ibid.*) The court noted that "[o]ne condition of probation is that [the defendant] not be alone with young females." (*Ibid.*) The court concluded, "Because this condition is aimed at deterring and discovering criminal conduct most likely to occur during unsupervised contact with young females, the condition is reasonably related to future criminality." (*Ibid.*) Polygraph testing serves a similar purpose here and thus is related to preventing Small's future criminality.

Condition No. 32 prohibiting Small from possessing pornography also reasonably relates to Small's future criminality. Some studies have concluded that there is a "causal link between pornography and sex crimes." (*Amatel v. Reno* (D.C. Cir. 1998) 156 F.3d 192, 199.) The United States Supreme Court has explicitly recognized a possible link between child pornography and pedophilia. (*Osborne v. Ohio* (1990) 495 U.S. 103, 111

& fn. 7.) Condition No. 32 removes an influence that may be a contributing factor in the commission of sex crimes. Because Small committed sexual offenses involving children in 1994 and reoffended in 2005, the trial court could reasonably conclude that permitting Small to possess pornography created a risk that he would commit additional offenses. (*People v. Connors* (2016) 3 Cal.App.5th 729, 737; *In re George F.* (2016) 248 Cal.App.4th 734, 740.)

Condition No. 33 authorizing warrantless searches of Small's electronic devices is reasonably related to Small's crime of failure to register under section 290. Registration is required to protect public safety by "providing for the collection of information about the identity and whereabouts of convicted sex offenders, [and making] it harder for such persons to reoffend without getting caught." (*In re Alva, supra*, 33 Cal.4th at p. 288; see also *People v. McClellan* (1993) 6 Cal.4th 367, 376, fn. 7 ["The purpose of section 290 is 'to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future' "].) A defendant's whereabouts is often disclosed on social media accessed through cell phones and other electronic devices. Warrantless searches enhance the ability of law enforcement to ensure Small's compliance with section 290 and are therefore reasonably related to his crime.[5]

---

[5] The People do not argue that this condition is reasonably related to Small's crime of failing to register but assert solely that it is reasonably related to future criminality, even if this condition had no relationship to Small's crime. (See *People v. Olguin* (2008) 45 Cal.4th 375, 379-381.) The People argue an electronic search condition ensures compliance with conditions that Small not associate with children or view pornographic material, pointing out that electronic devices are often used for these purposes. (*In re P.O.* (2016) 246 Cal.App.4th 288, 295.) However, in *In re Ricardo P.* (2019) 7 Cal.5th 1113, the California Supreme Court held invalid a warrantless electronics search condition unrelated to the defendant's crime of burglary, explaining that not every probation condition enhancing effective supervision of a probationer is reasonably related to future criminality. (*Id.* at p. 1127.) Future criminality "contemplates a degree of

Regarding condition No. 34, Small contends that the trial court abused its discretion by placing Small on electronic monitoring for the duration of his probation. Small argues there was no evidence he was a high-risk offender likely to commit a crime in the next five years, pointing out that his Static-99R score placed him in the average risk category for reoffending, and his 1994 conviction was from 30 years before this case. We conclude the electronic monitoring condition is reasonably related to Small's crime and future criminality. (See § 3010.10 [requiring GPS monitoring as parole condition for any person required to register as sex offender under § 290].) For reasons similar to those discussed with respect to electronic searches, electronic monitoring is reasonably related to Small's crime in that this condition enhances the ability of the police to track Small's whereabouts. It thus strikes us that this condition is a deterrent to future criminality. As to Small's Static-99R score, although electronic monitoring was expressly authorized by statute in 2009 for registered sex offenders who have been found to have a high risk of reoffending using the Static-99R evaluation (§§ 1202.8, 1203f), this designation is not a prerequisite for a monitoring probation condition. Here, the risk of Small's committing future sexual offenses was not de minimis given that he was convicted of child molestation in 1994 and committed another sex offense involving a minor more than 10 years later. The trial court could properly conclude that maintaining knowledge of Small's whereabouts is particularly imperative given his criminal history. (See *In re R.V.* (2009) 171 Cal.App.4th 239, 247.)

We conclude that all the probation conditions Small challenges are valid under the *Lent* test.

---

proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Id.* at p. 1122.) The test "requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.) Since we conclude the electronics search condition is related to Small's crime, we do not address whether this condition is related to his future criminality. (See *People v. Moran* (2016) 1 Cal.5th 398, 403.)

B. *Vagueness and Overbreadth*

Even valid probation conditions must not be unconstitutionally vague or overbroad. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1126-1127.) "Vagueness considers whether a condition is sufficiently precise to give the probationer fair warning of what conduct is required or prohibited; overbreadth considers the closeness of fit between the state's interest in reformation and rehabilitation and the burden imposed on the [probationer's] constitutional rights." (*In re I.V.* (2017) 11 Cal.App.5th 249, 260; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) Accordingly, a probation condition must be "sufficiently definite" for the probationer to know what conduct is required or prohibited, and to allow the court to determine when that condition has been violated. (*People v. Hall, supra*, 2 Cal.5th at p. 500.) A probation condition also "must be closely tailored to its legitimate objective to avoid being invalidated as unconstitutionally overbroad." (*People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*); see also *Sheena K.*, at p. 890; *People v. Garcia* (1993) 19 Cal.App.4th 97, 101-102 [such conditions must be "narrowly drawn"].) We review de novo constitutional challenges to probation conditions. (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

Small did not raise a constitutional objection in the trial court to any of the probation conditions he challenges on appeal. As described above, Small opposed the conditions as only appropriate for a sexually violent predator, which the People acknowledged he was not. In general, an objection that a probation condition is unconstitutionally vague or overbroad is forfeited unless previously raised. (*Patton, supra*, 41 Cal.App.5th at p. 946; *Sheena K., supra*, 40 Cal.4th at p. 889 ["given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction"]; *People v. Welch, supra*, 5 Cal.4th at pp. 234-235, 237 [failure to object to a

probation condition on a ground at the sentencing hearing forfeits that specific claim on appeal]; *In re Josue S.* (1999) 72 Cal.App.4th 168, 170 ["constitutional objections must be interposed in order to preserve such contentions on appeal"].)

"However, the forfeiture rule does not extend to facial constitutional challenges presenting pure questions of law that can be resolved without referring to the particular sentencing record developed below. [Citation.] A facial challenge 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts.' [Citation.] The claim is that a condition cannot have *any* valid application, without relying on any facts in the sentencing record." (*Patton, supra*, 41 Cal.App.5th at p. 946; see also *Sheena K., supra*, 40 Cal.4th at pp. 885, 889.)

Small contends that probation conditions Nos. 29, 31, 32, and 33 are unconstitutionally vague and/or overbroad. The People agree as to conditions Nos. 29, 31, and 32. The People argue that condition No. 33 is not overbroad but submit, alternatively, that if we find this condition overbroad, it can be modified on remand. We agree that conditions Nos. 29 and 32 are inherently vague or overbroad and will remand to the trial court to modify these conditions. Small, however, has forfeited his constitutional claim concerning conditions Nos. 31 and 33.

Condition No. 29 states, "the defendant shall not associate with any person under the age of eighteen years old." Small contends this condition is "vague as worded," because it contains "no knowledge requirement," and therefore Small "could violate the term even if he did not know that the individual was under the age of eighteen." This is a facial challenge to the condition. (*People v. Turner* (2007) 155 Cal.App.4th 1432, 1434-1435 (*Turner*).) We agree that the condition prohibits association with a category of people whose members are not readily identifiable, especially given that people are not always truthful about their age or look older or younger than they really are. In *Turner*, this court determined that a similar condition was unconstitutionally vague, reasoning, "[a] person may reasonably not know whether he or she is associating with someone

10

under the age of 18." (*Id.* at p. 1436.) "Fair notice . . . is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them." (*Ibid.*)

Condition No. 31 states, "the defendant shall submit to polygraph examinations." Small agrees that polygraph testing may be required to ensure compliance with valid probation conditions. (*People v. Miller, supra*, 208 Cal.App.3d at p. 1315.) He contends, however, that, while this condition "may be appropriate to ensure that [Small] adheres to other probation conditions such as not associating with children under the age of eighteen, the condition is overbroad as worded." Small relies on *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, where the appellate court found a similar polygraph condition overbroad because it did not "place any restrictions on the questions that could be asked by the examiner or otherwise tailor the order to comport with the court's purpose in imposing the polygraph condition." (*Id.* at p. 321; but see *People v. Garcia* (2017) 2 Cal.5th 792, 809 [rejecting claim of overbreadth regarding polygraph testing condition "expressly linked to the purposes and needs of the sex offender management program" (§ 1203.067, subd. (b)(3))]; *In re David C.* (2020) 47 Cal.App.5th 657, 670.) In *Brown*, however, the defendant opposed a broad polygraph condition in the trial court as violating the Fifth and Sixth Amendments to the United States Constitution. (*Brown*, at p. 318.) Moreover, the appellate court rejected the defendant's contention that a polygraph condition is per se invalid and illegal. (*Id.* at p. 319.) Here, Small did not object to the polygraph testing condition as overbroad in the trial court and does not argue on appeal that this condition would be invalid under any circumstances. Accordingly, we conclude that Small has raised an as-applied constitutional claim, which he forfeited by failing to raise it in the trial court.

Condition No. 32 states, "the defendant shall not possess or view any pornographic material, defined as any videotape, film, photograph, publication, or other

medium depicting graphic sexual activity actual or simulated, nudity of children, or sexual deviance, nor any material decreed off-limits by the defendant's counselor, sex offender program, or probation officer."  Small objects to this condition as vague.  This is a facial challenge, as well.  (See *Turner, supra*, 155 Cal.App.4th at pp. 1434-1435.)  We agree with Small that the condition is vague but also conclude this condition is overbroad.

The term "pornography" has been held to be "inherently vague and subjective." (*In re D.H.* (2016) 4 Cal.App.5th 722, 728 (*D.H.*).)  Condition No. 31 attempts to avoid this defect with various definitions of "pornographic material" as depictions of "graphic sexual activity actual or simulated," "sexual deviance," and "any material decreed off-limits by the defendant's counselor, sex offender program, or probation officer."  These definitions, however, are themselves vague and overbroad.  In *Turner*, the court held that a similar definition of pornography as " 'sexually stimulating/oriented material deemed inappropriate by the probation officer' " was unconstitutionally vague unless it was modified to provide advance notice of what the probation officer deemed prohibited. (*Turner, supra*, 155 Cal.App.4th at p. 1436; see *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1352-1353 ["The probation condition, modified with an express knowledge requirement, is sufficient to put defendant on notice for his actions"].)

Modification of condition No. 32, however, to require advance determination— assuming this were logistically possible—of the material "decreed off-limits" by the probation officer and others does not address the constitutional infirmity of the other definitions of "pornographic material." (*D.H., supra*, 4 Cal.App.5th at p. 728.)  The terms "graphic sexual activity" and "sexual deviance" are outdated language that is inherently vague and overbroad.  The term "graphic sexual material" was apparently borrowed from the former definition of obscenity.  (*In re Panchot* (1968) 70 Cal.2d 105, 107, fn. 5 ["Graphic depiction of sexual activity is the distinguishing feature of the only materials which the United States Supreme Court has ruled to be obscene"].)  However,

12

sexually graphic scenes are readily found in many television shows and movies that are no longer classified as obscene or pornographic.

As for "sexual deviance," one commentator observed: "Sexual deviancy is a rather broad and vague term. Its usage connotes that there are recognized norms of sexual behavior which are accepted by society in general. In fact, 'normal' sexual behavior has never been well categorized. Rather, aberrant behaviors, sufficiently unacceptable to most persons, have been lumped together to comprise sexual deviancy. These of course may vary over time and across different cultures, although there are probably some behaviors which almost everyone would label deviant." (Kaye, *Sexual Deviancy* <https://courtpsychiatrist.com/react/wp-content/uploads/2015/09/sexual-deviancy.pdf> [as of October 1, 2025], archived at < https://perma.cc/24MH-VLQB>.)

Pedophilia undoubtedly continues to qualify as "sexual deviance," but this concept has also included " 'such deviations as sadomasochism, fetishism, and homosexuality.' " (*People v. Noroff* (1967) 67 Cal.2d 791, 794, fn. 6.) Homosexuality is no longer classified as deviant behavior. (See *Obergefell v. Hodges* (2015) 576 U.S. 644, 661.) Nonetheless, the use of the term "sexual deviance" in condition No. 32 continues to import obsolete societal norms into the prohibition on materials that Small may not possess, rendering this condition both vague and overbroad.

Condition No. 33 states, "the defendant shall waive any right to the necessity of consent or obtaining a search warrant to search any electronic device as required by People v. Lara. Further, the defendant shall provide the pass code to his cellular telephone, or any pass code protected device to any probation officer or other peace officer conducting a search of the device." Small contends that a probation condition authorizing warrantless searches of his cell phone and other devices and requiring Small to disclose passwords is overbroad, impinges on his privacy, and cannot be narrowly tailored to protect his privacy. The People contend this condition is not overbroad and,

13

alternatively, argue it can be modified to reflect the purpose of conditions Nos. 29 and 32; i.e., to prohibit contacts with minors and pornographic materials.

We conclude Small raises an as-applied constitutional challenge to this condition, which he forfeited by failing to raise it in the trial court. In evaluating whether a defendant brings a facial challenge to the electronics search condition, we consider whether the search condition in the abstract, and not as applied to the particular probationer, is sufficiently narrowly tailored to the state's legitimate interest in reformation and rehabilitation of probationers in all possible applications. (*Sheena K., supra*, 40 Cal.4th at p. 885.) Small does not argue the electronics search imposed in condition No. 33 is unconstitutional in all possible applications.[6] In *Ricardo P.*, the Supreme Court concluded that electronics search conditions are not categorically invalid. (*In re Ricardo P., supra*, 7 Cal.5th at p. 1128; see also *People v. Guzman* (2018) 23 Cal.App.5th 53, 65 [a warrantless electronic search probation condition is not "per se unconstitutional"]; *Patton, supra*, 41 Cal.App.5th at pp. 946-947 [reasoning that because electronics search conditions may be constitutionally imposed under some circumstances, they are not facially invalid].)[7] Although application of this search condition could be

---

[6]     Small notes that in *People v. Appleton* (2016) 245 Cal.App.4th 717, the court expressed doubt regarding a trial court's ability to tailor an electronic search condition to avoid infringing on constitutional rights. (*Id*. at pp. 725-726.) In *Appleton*, however, the defendant did not forfeit his overbreadth claim on appeal because "the record show[ed] defendant raised his objections below," and "the objections he lodged were identical to the claims raised" on appeal. (*Id*. at pp. 722-723, 725.)

[7]     Small relies on *Riley v. California* (2014) 573 U.S. 373, which extended Fourth Amendment protections to cell phones, recognizing the immense storage capacity of modern cell phones, to argue that condition No. 33 infringes on his right to privacy. (*Id*. at pp. 393-394, 397.) However, as *Guzman* points out, the court in *Riley* held only that cell phone data is subject to Fourth Amendment protection, " 'not that the information on a cell phone is immune from search.' " (*People v. Guzman, supra*, 23 Cal.App.5th at p. 64, quoting *Riley*, at p. 401.) *Guzman* held that *Riley* does not support a facial challenge to an electronic search probation condition, noting that the defendant in that

14

unconstitutionally overbroad as applied to certain probationers, in other circumstances it may be entirely appropriate and constitutional. (*Ricardo P.*, at p. 1128.) Small argues his "crimes had nothing to do with the use of any electronic devices. The crime here was failing to register two years ago." The implication of this argument is these circumstances would not support the application of electronics search conditions (we disagree, as discussed, concluding this condition was reasonably related to ensuring compliance with § 290, the statute Small was convicted of violating). Small forfeited this claim by failing to object on that basis in the trial court. (*Patton*, at p. 946 ["An as-applied constitutional challenge is forfeited unless previously raised"]; *Guzman*, at p. 63, fn. 3.)[8]

C. *Remand*

"We have the power to modify a probation condition to render the condition constitutional." (*Turner, supra*, 155 Cal.App.4th at p. 1436.) However, while the modification to condition No. 29 can be accomplished fairly straightforwardly by adding a scienter requirement that Small not knowingly associate with minors (*ibid*.), a modification to condition No. 32 is not so readily effected. The parties propose that we modify condition No. 32 essentially to also require a scienter requirement that Small be given notice by the probation officer or others in official capacity of what is deemed pornography. (See *Turner*, at p. 1436; *People v. Pirali, supra*, 217 Cal.App.4th at

---

case was not convicted of a crime and was protected by the presumption of innocence, while the defendant in *Guzman* had pled guilty to a felony sex offense involving a child and was on probation for that offense. (*Guzman*, at pp. 64-65.) A court granting probation may impose reasonable conditions that deprive the defendant of some freedoms enjoyed by law-abiding citizens. (*Ibid*.)

[8]    In *People v. Guzman, supra*, 23 Cal.App.5th at page 63 and footnote 3, the court deemed forfeited the defendant's claim that the condition was overbroad as applied to him but considered the claim as a facial overbreadth claim. Here, Small does not differentiate between his claim as a facial or an as-applied challenge to condition No. 32.

p. 1353.) We agree with the appellate court in *D.H.* that this approach fails to address the inherent vagueness and overbreadth of the terms used, such as "graphic sexual activity" and "sexual deviance" here. (*D.H., supra*, 4 Cal.App.5th at pp. 728-729.) Therefore, instead of modifying conditions Nos. 29 and 32 ourselves, we direct the trial court to do so, in particular with respect to condition No. 32 "to define more precisely the material the court intends to prohibit." (*D.H.*, at p. 729.) As in *D.H.*, we encourage the trial court on remand to carefully consider the scope and purpose of these probation conditions, condition No. 32 in particular, because Small's sex offenses underlying his crime for violation of section 290 involved minors, not adults.

DISPOSITION

This matter is remanded with directions to the trial court to strike or modify condition No. 29 prohibiting association with minors and condition No. 32 prohibiting possession of pornography in a manner consistent with this decision. The judgment is otherwise affirmed.

/s/<br>
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
WISEMAN, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.