Filed 5/9/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>BENITO GUZMAN,<br><br>　　　　Defendant and Appellant. | A149740<br><br>(Sonoma County<br>Super. Ct. No. SCR-648774) |

　　　　Benito Guzman appeals from an order modifying the conditions of his supervised probation to explicitly authorize warrantless searches of his electronic devices.  Guzman contends (1) the trial court lacked jurisdiction to order the modification because no new circumstances existed and (2) the electronic search probation condition violates Guzman's constitutional right to privacy.  We affirm the order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Guzman's 2015 Offense and Sentence

　　　　In April 2015, Guzman was charged with two felonies:  (count 1) arranging a meeting with a minor for the purpose of committing a sexual offense (Pen. Code, § 288.4, subd. (b)[1]); and (count 2) attempting to commit a lewd act with a minor under the age of 14 (§ 664/288, subd. (a)).  The charges were based on evidence gathered by officers conducting an undercover "sting" operation, which showed that Guzman used his cell phone and the internet Web site myredbook.com to arrange and negotiate payment for a sexual encounter with a 19-year-old female named "Sexy Shauna" and her 13-year-old sister "Jenny."

---

[1] References to a statute are to the Penal Code, unless otherwise stated.

In July 2015, Guzman pleaded guilty to the count 1 felony sex offense pursuant to a negotiated disposition, which provided that the court would dismiss count 2, suspend imposition of judgment, and impose a sentence of nine months in jail and three years felony probation.  As part of the negotiated disposition, Guzman acknowledged that he would be required to register as a sex offender and be subject to "Sex Offender Caseload Conditions" of probation (also called SAFER probation conditions).

On September 1, 2015, Guzman was sentenced in accordance with the negotiated disposition.  At his sentencing hearing, Guzman reviewed and separately acknowledged the SAFER probation conditions, which were incorporated into the terms of his probation.  Among other things, the SAFER probation conditions required participation in sex offender treatment/programs, restricted interactions with children, and provided that Guzman may not "view, purchase, possess or have access to any videotapes, films and/or magazines, CD's or any medium which depict minor(s) or people representing themselves as minors(s) in sexual activity."

The SAFER probation conditions also impose the following requirements on Guzman:  "Submit to warrantless search and seizure of person, property, personal business or vehicle any time of the day or night or residence any time of the day or reasonable hour of the night by any Probation or Law Enforcement Officer"; and "Provide Probation Officer with keys, combinations or access codes to any and all gates or security doors which are required for entry onto any property where you reside."

**B.  The California Electronic Communications Privacy Act (ECPA)**

While Guzman was on probation, the ECPA went into effect on January 1, 2016. (§ 1546, et seq.; Stats. 2015, ch. 651, § 1.)  As pertinent here, the ECPA precludes a government entity from accessing "electronic device information by means of physical interaction or electronic communication with the electronic device" unless a statutory exception applies.  (§ 1546.1, subds. (a)(3) & (c).)  Statutory exceptions include obtaining a warrant (§ 1546.1, subd. (c)(1)), or obtaining the "the specific consent of the authorized possessor of the device" (§ 1546.1, subd. (c)(4)).

Another exception, which was added by a September 2016 amendment to the ECPA, states: "(c) A government entity may access electronic device information by means of physical interaction or electronic communication with the device only as follows: [¶] . . . [¶] (10) Except where prohibited by state or federal law, if the device is seized from an authorized possessor of the device who is subject to an electronic device search as a clear and unambiguous condition of probation, mandatory supervision, or pretrial release." (§ 1546.1, subd. (c)(10).)

## C. The Modification Order

In September 2016, Guzman's probation officer filed a petition "for a modification of probation." The petition alleged that Guzman's offense involved the use of an electronic device to communicate or attempt to communicate with a minor "with the intent to seduce or arrange to meet the minor and engage in sexual acts or to view, download or distribute child pornography." The petition further stated: "In order to ensure the effective rehabilitation and supervision of the defendant it is recommended that probation be modified," and that the court order a "search and seizure term and conditions pertaining to all electronic devices."

A hearing on the petition was held in September and October 2016. Guzman objected that a modification was improper absent "some new facts or changed circumstances or a violation." The People argued that "the change in the law would be sufficient for this Court to find a change in circumstances to now impose the search and seizure conditions which would have applied previously." The trial court stated that there was a "nexus" between the search condition and Guzman's offense because Guzman used a data processing and storage device—his cell phone—to commit the crime. The court also found that Guzman was previously ordered to submit to search and seizure and it was "important to both supervision and rehabilitation that his personal data storage devices be subject to search as well and based on the fact that that's what he used to complete the activity which formed the basis for this crime." Therefore, the court made the following order:

3

"I'm going to be ordering that—you are already subject to search and seizure, and now it's going to be specific to include your personal electronic devices . . . pursuant to Penal Code sections 1546, 1546.1, 1546.2 and 1546.4. And you must submit to search of all computers, hard drives, flash drives, thumb drives, disks, removable media, computer networks, electronic data storage devices, personal digital assistants, cell phones of any kind, notebooks or computers of any kind under the custody or control of the defendant to which he has either sole, shared, partial or limited access, without a search warrant at any time of the day or night.

"His residence is subject to search at any time of the day or reasonable hour of the night. So if these are in his residence, it would only be at a reasonable time. These search terms are to include a waiver of any password or encryption protection. He must provide his probation officer with all the passwords, log-ins, access codes or other information necessary to access any of the data storage devices or any social media that is accessed through the personal device.

"The defendant shall not possess or utilize any program or application on any computer or personal data storage device or through a remote control [that] deletes or scrubs data from the electronic device. If any device is seized as evidence, the defendant may not contact his service provider to remove, alter or destroy data from the electronic device. Failure to provide a password or surrender the device will be considered a violation of probation.

"I'm making this order based on the fact that a personal data storage device was used as an integral part of the crime, that there is an absolute nexus."

Following this ruling, Guzman's counsel objected again that "there is not sufficient new facts or changed circumstances." The People disputed this claim, reiterating that the ECPA went into effect in January 2016, after Guzman entered his plea and received his original sentence.

Before concluding the hearing, the court made the following statement: "And the Court will put on the record that I have reviewed the facts and circumstances of the offense. There is an absolute nexus with the original search and seizure order that was

4

ordered at his sentencing. It should have included all personal data storage devices, because that is only appropriate in this case."

## II. DISCUSSION

### A. The Trial Court Had Jurisdiction to Modify the Probation Condition

Guzman contends that the trial court lacked jurisdiction to order a modification of Guzman's probation conditions to include an electronic search condition. According to Guzman, jurisdiction to modify the terms of a defendant's probation requires new facts or changed circumstances, and in this case the trial court erroneously relied on the same facts "that were in existence at the time of the original order."

A sentencing court has broad power to revoke or modify a term of probation at any time during the probationary period, which includes the power to extend the probationary term. (*People v. Cookson* (1991) 54 Cal.3d 1091, 1095 & 1100 (*Cookson*).) This power is not limited to cases where a probation violation has been committed. (*Id.* at p. 1098.) However, "[a] change in circumstances is required before a court has jurisdiction to extend or otherwise modify probation . . . . 'An order modifying the terms of probation based upon the same facts as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.' [Citation.]" (*Id.* at p. 1095, italics omitted, quoting *In re Clark* (1959) 51 Cal.2d 838, 840.)

In *Cookson*, *supra*, 54 Cal.3d 1091, a condition of the defendant's probation for a theft offense was to pay restitution as determined by the probation department. The department ordered the defendant to pay $12,000 pursuant to a schedule, which the defendant followed. However, at the end of the three-year probation term, the court granted the department's request to extend the defendant's probation for two additional years because he had only paid part of the "total amount originally ordered." (*Id.* at pp. 1093–1094.) Rejecting the defendant's challenge to this modification of his probation, the *Cookson* court reasoned that the requisite "change in circumstance could be found in a fact 'not available at the time of the original order,' namely, 'that setting the pay schedule consistent with defendant's ability to pay had resulted in defendant's

inability to pay full restitution as contemplated within the original period of probation.' " (*Id*. at p. 1095.)

Applying *Cookson* here, we conclude that the modification of Guzman's probation condition was proper. As discussed in our background summary, when Guzman's original sentence was imposed pursuant to a negotiated disposition, he became subject to a warrantless search condition, which authorized a search of his person, property, vehicle, and home. When that condition was imposed, it was broad enough to embrace electronic devices like the phone Guzman used to commit his offense. Then, while Guzman was still on probation, there was a change of circumstance in that the ECPA established a new requirement that an electronic search probation condition must be clear and unambiguous. The fact that the probation search condition did not have the same meaning or impact that it had when the original sentence was announced demonstrates that the trial court had jurisdiction to modify the conditions of Guzman's probation to include an express electronic search condition.

*People v. Sandee* (2017) 15 Cal.App.5th 294 (*Sandee*) supports our conclusion. In that case, the defendant was on probation when officers searched her cell phone pursuant to a "general search condition which allowed authorities to search her 'property' and 'personal effects' without a warrant." (*Id.* at p. 298.) The trial court denied a motion to suppress the cell phone evidence, which was affirmed on appeal. The *Sandee* court found that at the time the search was conducted, a "reasonable, objective person" would have understood that a search of the phone fell within the scope of the general search conditions in the defendant's probation orders. (*Ibid.*) The court reasoned that the defendant had agreed to submit her property and personal effects to search at any time, the probation search condition was broadly worded and contained no limiting language to exclude a cell phone or other electronic devices, and a "reasonable person would understand the terms 'property' and 'personal effects' to include [defendant's] cell phone and the data on it." (*Id.* at p. 302, fn. omitted.)

The *Sandee* court rejected the contention that the cell phone evidence should have been suppressed under the ECPA, which went into effect after the search but prior to the

suppression hearing. (*Sandee*, *supra*, 15 Cal.App.5th at pp. 304–306.) The court reasoned that "[a]s the ECPA was not in effect at the time of the search, a reasonable, objective person at the time of the search would not have understood the ECPA to restrict the scope of the search permitted by the probation orders." (*Id*. at p. 305.) Thus, the court concluded that, while it may have been reasonable after the ECPA became effective "for a law enforcement officer conducting a search to interpret a general probation search condition authorizing a warrantless search of the probationer's property as excluding searches of the probationer's electronic device information, such as cell phone data, we see no basis for a reasonable person to have reached that conclusion prior to the ECPA." (*Ibid*, italics omitted.)

Despite its different context, *Sandee* supports two conclusions that are material to our analysis. First, prior to the enactment of the ECPA, a broadly worded general search condition like the one in this case was reasonably construed as including electronic searches. Second, after the ECPA went into effect, even an unqualified general search condition is reasonably construed as precluding searches of electronic devices. These conclusions demonstrate that the enactment of the ECPA was a change of circumstance, which gave the court jurisdiction to modify Guzman's warrantless search probation condition to explicitly authorize searches of electronic devices.

Guzman contends that the enactment of the ECPA cannot be used to justify the modification of his probation order for three reasons. First, he argues that the trial court expressly stated that the reason he was ordering a modification was because Guzman used an electronic data device to commit his crime, not because there was a change in the law. (Citing § 1203.3, subd. (b)(1)(A) [requiring judge to state reasons for modification of probation condition on the record].) We disagree with this parsing of the trial court's ruling. The fact that Guzman used a cell phone and the internet to commit his offense was relevant to the court's analysis because it pertained to the scope of the original warrantless search condition, while the enactment of the ECPA was also relevant because that change necessitated a modification to clarify that Guzman's warrantless search condition includes searches of his electronic storage devices.

7

Second, Guzman contends a change of circumstance sufficient to "impart" jurisdiction to modify a probation condition must be a new fact, not a law.  However, Guzman's only authority for this proposition is *People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1157 (*Mendoza*), which did not involve the enactment of a new law or address whether that change of circumstance can constitute a fact that was not previously available to the sentencing court.[2]  Here, it is important to clarify that the order in this case does not subject Guzman to an additional penal consequence because of the enactment of a new law.  (Compare *People v. Douglas M.* (2013) 220 Cal.App.4th 1068 [statute requiring a defendant on probation for qualifying sex offense to participate in treatment program could not be applied retroactively to defendants sentenced to probation before the statute was enacted].)  Rather, the enactment of the ECPA is itself the fact that gave rise to a changed circumstance because the ECPA requires a degree of specificity in a probation search condition that was not required when Guzman was sentenced.  Guzman cites no case that is inconsistent with this conclusion.

Third, Guzman contends that even if a change in the law can constitute a change of circumstance, the enactment of the ECPA does not qualify as a change of circumstance because it did not alter Guzman's situation in a way that would justify the modification.

[2] In *Mendoza*, *supra*, 171 Cal.App.4th 1142, the defendant pleaded guilty to grand theft and was sentenced to five years' probation with conditions that included serving 365 days in jail and paying victim restitution.  After the defendant completed his jail term and was transferred to a federal detention facility, the court granted his request to modify probation to reduce his jail term below 365 days so he could avoid adverse immigration consequences.  By striking the defendant's custody credits, the court reduced his time served in jail to 250 days.  (*Id*. at pp. 1146–1149.)  The People appealed, arguing the trial court did not have authority to modify retroactively the defendant's completed jail term.  (*Id*. at p. 1149.)  The *Mendoza* court agreed, finding, among other things, that cases like *Cookson*, *supra*, 54 Cal.3d 1091 "provide authority for the superior court to modify a term of probation upon a showing of a change in circumstances," but not "to modify a jail term imposed and already served."  (*Id*. at pp. 1156–1157.)  For the "sake of argument," the court also pointed out that the fact the defendant was willing to waive his custody credits was not a changed circumstance because if he had been offered that option when he was originally sentenced as a way of avoiding deportation, "he would have 'jumped' at that offer."  (*Id*. at p. 1157.)

8

According to this two-pronged argument, even before the ECPA was enacted, (1) the state and federal constitutions "precluded warrantless searches and seizures of Mr. Guzman's electronic devices"; and (2) the trial court had the same authority to impose conditions of probation that it has now. Thus, Guzman concludes, if an electronic search condition was warranted in the first instance, the court should have imposed it when it announced Guzman's original sentence.

The first prong of this argument is misleading. In claiming that the federal and state constitutions have always precluded warrantless searches of his electronic devices, Guzman cites authority discussing the privacy rights of individuals who were not on probation and not subject to a warrantless search condition when their property was searched. (*Mincey v. Arizona* (1978) 437 U.S. 385, 393–395 [holding that a "murder scene exception" to the warrant requirement is unconstitutional]; *People v. Blair* (1979) 25 Cal.3d 640, 652 [finding that a "credit card holder would reasonably expect that the information about him disclosed by those charges will be kept confidential unless disclosure is compelled by legal process"]; *People v. Chapman* (1984) 36 Cal.3d 98 [police violated defendant's constitutionally protected privacy right by obtaining defendant's unlisted telephone number without a warrant].) This authority is inapposite because when Guzman's original sentence was imposed, he had already pleaded guilty to a felony sex offense involving a minor and consented to the imposition of SAFER probation conditions that included broad restrictions on his liberty including warrantless searches of his person, property, vehicle, and home. And, Guzman was on probation and subject to these conditions when the ECPA went into effect.

The second prong of Guzman's argument begs the question regarding the scope and meaning of the warrantless search condition that was part of Guzman's original sentence. As discussed, the nature of Guzman's crime and the specific way that he committed it, the broadly worded search condition that was part of the original sentence, and the fact that the SAFER probation conditions were part of the negotiated disposition in this case are all circumstances supportive of the conclusion that Guzman's original search condition implicitly authorized a search of electronic storage devices.

9

To put the matter another way, Guzman's argument appears to be that the enactment of the ECPA did not change the law in a way that either (1) restricted Guzman's privacy rights, or (2) limited the ability of the trial court to impose a warrantless search probation condition when the circumstances so warrant. These observations are beside the point. The enactment of the ECPA established a new procedural requirement for subjecting a probationer in Guzman's situation to an electronic search condition. That changed circumstance—which arose while Guzman was already serving probation pursuant to a warrantless search condition that did not preclude searches of Guzman's electronic devices—gave the trial court jurisdiction to modify the warrantless search condition of Guzman's probation.

**B. Guzman's Constitutional Challenge**

Guzman alternatively claims that the electronics search condition is unconstitutionally overbroad because it violates his rights to privacy and to be free from unreasonable searches.

The People contend that Guzman forfeited this claim by failing to raise it in the trial court. "As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal. [Citation.] However, our Supreme Court has held that the forfeiture rule does not apply to a defendant's contention that a probation condition is unconstitutionally vague and overbroad on its face when the challenge presents a pure question of law." (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 887.) Therefore, we will address Guzman's claim that this probation condition is facially overbroad.[3]

---

[3] Guzman also contends the electronic search condition is overbroad as applied specifically to him because there is no evidence "indicat[ing] that such a broad condition is necessary." Guzman forfeited this part of his overbreadth claim, which does not present a pure question of law, but depends instead on factual circumstances that were not addressed by the trial court because Guzman did not make an overbreadth challenge to this probation condition in the lower court. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889; *People v. Smith* (2017) 8 Cal.App.5th 977, 987.)

10

" 'A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' [Citation.] 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' [Citation.]" (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346; see also, *In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) We review "constitutional challenges to probation conditions de novo." (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723 (*Appleton*).)

Guzman contends that his electronic search condition is overbroad on its face because it has a substantially greater impact on his privacy rights than a physical search of his person. As support for this claim, Guzman relies on *Riley v. California* (2014) 573 U.S. ___ ,134 S.Ct. 2473 (*Riley*). *Riley* held that the warrantless search of a suspect's cell phone implicated and violated the suspect's Fourth Amendment rights. (134 S.Ct. at p. 2493.) The court rejected the argument that the search of a suspect's cell phone was " 'materially indistinguishable' " from the search of an arrestee or an item such as an arrestee's wallet, explaining that modern cell phones potentially contain sensitive information about many aspects of a person's life. (*Id*. at pp. 2488–2489.) However, the court emphasized the narrowness of its holding, which was only that cell phone data is subject to Fourth Amendment protection, "not that the information on a cell phone is immune from search." (*Id*. at p. 2493.)

*Riley* does not support Guzman's facial challenge to his electronic search probation condition. When the *Riley* defendant's cell phone was searched, he had not been convicted of any crime and thus he was still protected by the presumption of innocence. By contrast, Guzman pleaded guilty to a felony sex offense involving a child and is currently on probation for that offense. "Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citation.] Just as other punishments for criminal convictions curtail an offender's

11

freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (*United States v. Knights* (2001) 534 U.S. 112, 119.)

We recognize that Guzman's probation status does not completely vitiate his constitutional privacy rights. (*Appleton*, *supra*, 245 Cal.App.4th at p. 724.)[4] However, the fact that a search of an electronic device may uncover comparatively more private information than the search of a person, or a personal item like a wallet, does not establish that a warrantless electronic search condition of probation is per se unconstitutional. (*People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*).)

In *Ebertowski*, *supra*, 228 Cal.App.4th 1170, the defendant was granted probation after pleading no contest to criminal threats, resisting and deterring an officer, and a gang affiliation allegation. On appeal, he challenged conditions of his probation requiring him to provide officials with passwords to his electronic devices and social media sites and to submit to warrantless searches of those devices and sites. (*Id*. at p. 1172.) Rejecting the contention these conditions were unconstitutionally overbroad, the appellate court reasoned that the "minimal invasion" into the defendant's privacy resulting from enforcement of the electronic search condition was outweighed by the government's interest in protecting the public by ensuring that the defendant complied with his anti-gang probation conditions. (*Id*. at p. 1176.) With respect to the inclusion of a password disclosure requirement, the court reasoned, as follows: "The evident purpose of the password conditions was to permit the probation officer to implement the search, association, and gang insignia conditions . . . . Access to all of defendant's devices and

---

[4] In his reply brief, Guzman contends that *Appleton* struck an electronic search condition that was less invasive than the condition imposed on him. (*Appleton*, *supra*, 245 Cal.App.4th 717.) We do not address the merits of this claim because the comparison is not fruitful. *Appleton* did not involve a facial challenge to an electronic search condition; the *Appleton* court found that the probation condition "as worded" was unconstitutionally overbroad, and remanded the matter to consider fashioning a condition that was consistent with the facts of that case. (*Id*. at p. 727.) Unlike the *Appleton* defendant, Guzman forfeited the claim that his electronic search condition is overbroad as applied to him.

social media accounts is the only way to see if defendant is ridding himself of his gang associations and activities, as required by the terms of his probation . . . ." (*Id*. at p. 1175.)  This reasoning squarely applies here, where careful supervision of Guzman's use of his electronic devices is necessary to ensure compliance with his SAFER probation conditions and to protect the public, especially vulnerable children, from the dangerous behavior that gave rise to Guzman's current sentence.

### III.  DISPOSITION

The order modifying Guzman's probation conditions is affirmed.

 

 

_____

SMITH, J.<sup>*</sup>

 

We concur:

 

_____

STREETER, Acting P. J.

 

_____

REARDON, J.

---

<sup>*</sup> Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A149740, *People v. Guzman*

| | |
|---|---|
| Trial Court: | Sonoma County Superior Court |
| Trial Judge: | Hon. Jamie E. Thistlethwaite |
| Counsel for Appellant: | Richard A. Tamor, under appointment by the Court of Appeal under the First District Appellate Project Independent Case System |
| Counsel for Respondent: | Xavier Becerra<br>Attorney General of California<br><br>Gerald E. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>Seth K. Schalit<br>Supervising Deputy Attorney General<br><br>Laurence K. Sullivan<br>Supervising Deputy Attorney General |

A149740, *People v. Guzman*