Filed 8/1/24  B.R. v. J.F. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| B.R., | C098636 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CV02335) |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

B.R. filed a request for a civil harassment restraining order against J.F., the ex-wife of the man B.R. was dating.[1]  (See Code Civ. Proc, § 527.6.)[2]  After hearing testimony from both parties, a judicial officer issued a restraining order for a three-year

---

[1]  In this opinion, we refer to the parties and other individuals by their initials to protect their privacy interests.  No disrespect is intended.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

period.  On appeal, J.F. contends (1) there is insufficient evidence for the restraining order, (2) the restraining order violates her constitutional right to associate with others, and (3) the restraining order is overbroad.  We reject the first and third claims as forfeited, and the second claim is unpersuasive.  Accordingly, we will affirm the restraining order.

BACKGROUND

J.F. married S.F. and had two children with him.  S.F. also had a child with B.R. In connection with their divorce, J.F. and S.F. stipulated to an August 2022 permanent custody order providing J.F. with sole custody of their children, providing S.F. with visitation rights, and prohibiting any contact between J.F.'s children and B.R.

In October 2022, B.R. requested a civil harassment restraining order against J.F., alleging among other things that J.F. stalked her home, threatened to harm her, sent harassing text messages to her, contacted her employer in an attempt to get her fired, submitted a false report about her to a local child welfare agency, and purposefully interfered with ongoing child custody litigation between her and A.F., the father of one of her children (who was subject to a judicial order prohibiting him from driving by her home), by driving by B.R.'s home and then telling A.F. what she saw in order to upset him so that he would "berate" B.R. with questions.

A three-day trial began in November 2022 and ended in January 2023.  B.R. and J.F. both had counsel, and both testified.  S.F. also testified.  In its February 2023 ruling, the court determined (1) J.F. had no legitimate reason to contact A.F. and discuss with him matters involving B.R.; (2) J.F. had no legitimate reason for complaining to B.R.'s employer about something that had nothing to do with B.R.'s employment; (3) J.F. had no legitimate reason to send a text message to B.R. threatening that (a) A.F. would obtain custody of the couple's child and (b) a child welfare agency would take from B.R. the baby that she had with S.F.; and (4) J.F. persuaded B.R.'s neighbor to monitor her home, receiving from the neighbor at least one photograph of S.F.'s vehicle.  The court ruled

2

J.F. had engaged in a course of conduct directed at B.R. that served no legitimate purpose and that seriously alarmed, annoyed, or harassed her, and granted the civil harassment restraining order for a three-year period. One term of the restraining order provides that J.F. must stay at least 150 yards away from B.R. and her home.

J.F. filed a notice of appeal in May 2023,[3] her opening brief was filed in January 2024, and this case became fully briefed on May 28, 2024.

DISCUSSION

I

*Legal Background*

In 1978, the Legislature enacted section 527.6 to protect the individual right to pursue safety, happiness, and privacy as guaranteed by the California Constitution, and to establish an expedited procedure for enjoining acts of harassment. In the Legislature's view, the law at the time was inadequate to remedy the distress suffered by a person being harassed. Section 527.6 contemplates expedited injunctive relief to victims of harassment, defined by statute as including a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. Constitutionally protected activity is not a course of

---

[3] The restraining order was filed on February 10, 2023. J.F. filed her notice of appeal about 90 days later, on May 8, 2023. We consider whether we have jurisdiction to hear this appeal. (See Cal. Rules of Court, rule 8.104(b); further rule references are to these rules.)

The appellate record does not indicate that a "Notice of Entry" of judgment was served on J.F. by either the court clerk or by B.R. (See rule 8.104(a)(1)(A), (B).) Thus, the 60-day time limit to appeal that would apply in those circumstances is inapplicable here, and instead the time limit of 180 days after entry of judgment applies. (See rule 8.104(a)(1)(C).) We have jurisdiction to hear this appeal. (See *In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 473.)

3

conduct within the meaning of the statute. (*Leahy v. Peterson* (2023) 98 Cal.App.5th 239, 250-251.)

On appeal from the grant of a section 527.6 civil harassment restraining order, we review issuance of the order for abuse of discretion, and the factual findings undergirding it for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.) The question whether the facts are sufficient to constitute civil harassment under section 527.6, and whether the restraining order is constitutional, are questions of law that we review de novo. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

## II

### *The Claim of Insufficient Evidence is Forfeited*

J.F. contends the evidence did not support issuance of the restraining order. To demonstrate error on appeal, a party *must* "[p]rovide a summary of the significant facts limited to matters in the record" in the opening brief. (Rule 8.204(a)(2)(C).) "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Here, J.F.'s statement of the case and facts is three sentences long. The first sentence says this matter concerns civil harassment. The second sentence informs us that S.F. is the father of one child with B.R. and two children with J.F. The third sentence notes that J.F. is appealing the issuance of a restraining order against her in favor of B.R. The substance of B.R.'s trial testimony is omitted. This is not a summary of the

4

significant facts of the case.  The claim is forfeited.[4]  (See *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 ["Because plaintiff has failed in his obligations concerning the discussion and analysis of a substantial evidence issue, we deem the issue waived"].)

III

*J.F.'s Constitutionally Protected Activity*

J.F. contends the restraining order violates her constitutional rights because "[t]he fundamental lynchpin supporting the . . . restraining order" was her "association" with A.F.  B.R. contends this argument was not raised below.

To the extent this argument may be forfeited on appeal, we exercise our discretion to consider it in the interests of justice, in part because unlike J.F.'s other two forfeited claims, it presents a pure legal question.  (See *In re Karla C.* (2010) 186 Cal.App.4th 1236, 1267 [citing *In re S.B.* (2004) 32 Cal.4th 1287 for the proposition that appellate court discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue].)

This claim is unpersuasive.  First, J.F.'s characterization of the trial court's ruling is not supported by a citation to the record and, in any event, is inaccurate under our reading.  We find nothing in the court's ruling indicating that J.F.'s association with A.F. was the more important consideration.  There were at least three other determinations identified as undergirding issuance of the restraining order: the illegitimate complaint to B.R.'s employer, the text messages to B.R., and enlisting B.R.'s neighbor to monitor B.R.'s home.  Second, the restraining order does not *prevent* J.F. from associating with

---

[4] B.R.'s contention that the absence of a reporter's transcript means "there is no adequate record" of the proceedings is unpersuasive.  There is a settled statement of the testimony. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 ["*In lieu of* a reporter's transcript, an appellant may submit an agreed or settled statement" (italics added)].)

5

A.F. When deciding whether to issue a civil harassment restraining order, trial courts may properly consider conduct that is not itself harassment. (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 501.)

Finally, we note that a different panel of this court rejected a claim that a section 527.6 restraining order violated someone's "First Amendment rights of freedom of speech and freedom of association, as well as his right to privacy" (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1409), explaining that some speech implicates the First Amendment more than other speech. Speech about public matters is at the heart of the First Amendment's protection, whereas speech on purely private matters is of less First Amendment concern. (*Ibid.*) There, the relevant speech "was between purely private parties, about purely private parties, on matters of purely private interest. Thus, th[e] case [was] ' "wholly without the First Amendment concerns with which the Supreme Court of the United States has been struggling." [Citation.]' . . . [A]nd the trial court properly considered [the] speech in determining whether to issue injunctive relief pursuant to . . . section 527.6." (*Ibid.*) Similarly here, the record indicates J.F.'s association with A.F. is between purely private parties on matters of purely private interest.

IV

*The Overbreadth Claim is Forfeited*

J.F. contends the restraining order is overbroad. We agree with B.R. that this claim is forfeited on appeal, because J.F. has not demonstrated she raised it below. (See *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [an issue is forfeited if it does not appear from the record that it was raised in the trial court].)

J.F. argues that "[e]xcept for perhaps a 50 yard stay away from" B.R.'s house, many of the terms of the restraining order are "unnecessary." She also argues there is a "major road" within about 100 yards of B.R.'s home, creating the potential for a "technical[ ]" violation of the 150-yard restraining order when she drives her children to

6

school.  These are fact-based inquiries that the lower court should have been given an opportunity to consider in the first instance.  (Cf. *People v. Guzman* (2018) 23 Cal.App.5th 53, 63, fn. 3 [rejecting as forfeited the claim that an electronic search probation condition was overbroad, because it did "not present a pure question of law, but depend[ed] instead on factual circumstances that were not addressed by the trial court"].)

DISPOSITION

The civil harassment restraining order issued February 10, 2023 is affirmed.  Costs on appeal are awarded to B.R.  (Cal. Rules of Court, rule 8.278(a)(2).)


                                                                         /s/
                                                          BOULWARE EURIE, J.


We concur:


      /s/
ROBIE, Acting P. J.


      /s/
MESIWALA, J.